UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, v. CHAMPION FEDERAL SAVINGS AND LOAN ASSOCIATION, f/k/a Bloomington Federal Savings and Loan Association, Defendant-Appellee.

Third District   No. 3—89—0531

Opinion filed July 13, 1990.

Grayce K. Rund and Christopher R. Smith, both of Burke & Smith, Chartered, of Chicago (Raymond J. Smith, of counsel), for appellant.

John V. Patton and Robert J. Noe, both of Bozeman, Neighbour, Patton & Noe, of Moline, and Michael L. Brody and Jonathan H. Margolies, both of Schiff, Hardin & Waite, of Chicago (Barry S. Alberts, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Union Federal Savings and Loan Association, appeals from the judgment of the circuit court of Rock Island County which dismissed Union Federal's complaint against the defendant, Champion Federal Savings and Loan Association. The circuit court held that Union Federal's action was barred by the applicable statute of limitations and collateral estoppel.

In 1981, Rock Island Savings and Loan Association was experiencing financial difficulties and approached Union Federal to determine Union Federal's interest in a possible merger of the two institutions. A series of discussions was held in the winter and early spring of 1982. On April 12, 1982, the Rock Island board of directors' executive committee unanimously approved the merger agreement and informed Union Federal that they would recommend the merger to the full board the next day.

However, on the morning of April 13, 1982, Rock Island was contacted by Champion Federal, which expressed its interest in a possible merger. That afternoon the Rock Island board of directors rejected Union Federal's merger proposal.

Union Federal filed an action against Champion Federal in the circuit court of Rock Island County on November 12, 1982, alleging that Champion Federal tortiously interfered with an economic expectancy. Union Federal amended its complaint in 1983 alleging that Champion Federal's actions also constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*). On April 11, 1986, Union Federal filed a complaint against Champion Federal in the United States District Court for the Central District of Illinois. The complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. §1961 *et seq.* (1988)). It also repeated the claims brought in the State court. On May 5, 1986, Union Federal's State

court action was voluntarily dismissed without prejudice.

On May 5, 1988, the district court granted Champion Federal's motion for summary judgment on the RICO claims and declined jurisdiction over the pendent State-law counts. In granting summary judgment, the district court stated in pertinent part:

> "For these reasons, the Court concludes that Union Federal has failed to allege a cognizable injury under RICO. The evidence shows that Champion's alleged criminal conduct was not 'causally related' to the Rock Island Board's decision to reject Union Federal's merger proposal. The reason that the Rock Island Board refused Union Federal's merger proposal were reasons solely related to Union Federal's merger conduct and terms of the proposal. Therefore, this court finds that Union Federal's RICO claim is fatally defective in that it fails to allege a cognizable injury."

Union Federal refiled its State-law claims in the circuit court on February 1, 1989. Champion Federal filed a motion to dismiss the complaint contending the action was barred by the statute of limitations and collateral estoppel. The circuit court granted Champion Federal's motion on both grounds.

On appeal, Union Federal contends the circuit court erred in finding that Union Federal was collaterally estopped from pursuing its State-law claims, and that its action was also barred by the statute of limitations.

██ Collateral estoppel is an equitable doctrine founded on principles of judicial economy intended to prevent relitigation of previously adjudicated claims. (*National Commercial Banking Corp. of Australia, Ltd. v. Harris* (1988), 125 Ill. 2d 448, 532 N.E.2d 812.) The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both cases has been adjudicated against that party in the former suit by a court of competent jurisdiction. (*Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) The adjudication of the fact or question in the first cause will, if properly presented, be conclusive of the same question in the later suit, but the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined. (*Telegraph Savings & Loan Association v. Schilling* (1984), 105 Ill. 2d 166, 473 N.E.2d 921.) The only pertinent questions for the utilization of collateral estoppel are:

(1) whether the issue decided in the prior adjudication is identical with the one presented in the case in question; (2) whether there has been a final judgment on the merits; and (3) whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication. *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373.

■ In the instant case, the parties to the Federal and the State court actions were the same, and the grant of summary judgment in the district court constituted a judgment on the merits. (See *Poulos v. Reda* (1987), 165 Ill. App. 3d 793, 801, 520 N.E.2d 816 ("Summary judgment *** is the procedural equivalent of a trial and is an adjudication of the claim on the merits").) The only question is whether the issue determined in the prior adjudication is the same issue as presented in the instant case. The district court found the sole cause of Rock Island's rejection of Union Federal's merger proposal was Union Federal's conduct and the terms of the proposal and that therefore Union Federal had no cause of action under RICO. Union Federal argues that the causation issue in the State-law claims is not identical to the causation issue decided by the district court in the RICO action.

Union Federal cites *Telegraph Savings & Loan Association v. Schilling* (1984), 105 Ill. 2d 166, 473 N.E.2d 921, as resolving the issue in its favor. The case, however, is distinguishable. In *Telegraph Savings*, the Commissioner of Savings and Loans for the State of Illinois closed Telegraph Savings without advance written notice, finding an "emergency" situation existed. The Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver of Telegraph Savings and immediately transferred its assets to another savings and loan. Telegraph Savings filed suit in Federal and State court. In the Federal action the appointment of the FSLIC as receiver was upheld. In the State court action, the Commissioner claimed that based on the Federal court's finding upholding the appointment of a receiver, Telegraph Savings was collaterally estopped from challenging the Commissioner's actions. The issue was whether Telegraph Savings was entitled to a State court determination of the State-law "emergency" issue. The Illinois Supreme Court held (three justices dissenting) that Telegraph Savings' State-law claims were not barred by collateral estoppel. The court agreed with the view of the Federal district court and the Court of Appeals that Telegraph Savings' State-law claims were distinct from its challenge of Federal receivership.

■ In the instant case, the causation issue is the same in both the State and Federal actions. The district court found that the cause

of Rock Island's rejection of Union Federal's proposal was not related to the activity of Champion Federal, but was caused by the actions of Union Federal itself. This finding precludes Union Federal from relitigating the issue of what caused Rock Island to reject Union Federal's merger proposal. We find no merit to Union Federals attempt to distinguish the causational element in the State-law claims from the causational element determined by the district court. Therefore the circuit court was correct in holding that Union Federal's State-law claims were barred by collateral estoppel.

Since we find Union Federal's action was properly dismissed on the grounds of collateral estoppel, we need not address the statute of limitations issue.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SCOTT and GORMAN, JJ., concur.