(No. 76402.—

## BRIAN DOWNING, Appellant, v. THE CHICAGO TRANSIT AUTHORITY, Appellee.

*Opinion filed September 29, 1994.*

Peter R. Coladarci, of Chicago, for appellant.

William R. Quinlan, James D. Dasso and Melisa G. Thompson, of Pope, Cahill & Devine, Ltd., and William H. Farley, Jr., all of Chicago, for appellee.

H. Kent Heller, of Heller, Holmes & Associates, P.C., of Mattoon, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HEIPLE delivered the opinion of the court:
On August 17, 1987, plaintiff, Brian Downing,

awaited a red light while on his bicycle at the corner of Milwaukee Avenue and Belmont in Chicago. When the light turned green, he proceeded to cross Milwaukee Avenue. According to plaintiff, about 15 feet into the intersection he was hit by a Chicago Transit Authority bus driven by Woodrow Williams. Plaintiff alleges that he suffered injuries to his left knee.

Thereafter, plaintiff brought this action against the Chicago Transit Authority (the CTA) and its "unknown employee and agent" on October 22, 1987. Plaintiff filed an amended complaint that corrected the date of his injury, and then filed a second-amended complaint on October 4, 1989, naming for the first time Woodrow Williams.

On March 26, 1992, the trial court granted summary judgment in favor of Williams, ruling that the two-year statute of limitations had run as to him. This ruling was based on the finding that Williams was not properly named as a defendant until the second-amended complaint was filed, more than two years after the accident. This ruling was made final and appealable pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) on June 11, 1992. Plaintiff did not appeal this ruling.

On September 4, 1992, the CTA filed a motion for summary judgment, alleging that the limitation provisions in section 41 of the Metropolitan Transit Authority Act (the Act) (Ill. Rev. Stat. 1991, ch. 111$^{2}$/$_{3}$, par. 341) were applicable to the transit authority as well as transit authority employees. Plaintiff filed a motion to amend or correct the March 26, 1992, order on September 28, 1992, by inserting language that the order "was not intended by [the] court to be an adjudication on the merits of the action against [the] CTA as [the] employer of Woodrow Williams." Plaintiff also filed a section 2—1401 petition (Ill. Rev. Stat. 1991, ch. 110, par.

2—1401) on November 12, 1992, requesting that the trial court vacate and amend its March 26, 1992, order to reflect that the dismissal of Williams as a party was not an adjudication on the merits of plaintiff's claim against the CTA.

On November 12, 1992, the trial court ordered that: (1) plaintiff's motion to amend the order of March 26, 1992, *nunc pro tunc* was denied; (2) plaintiff's section 2—1401 petition was denied; and (3) summary judgment was entered in favor of the CTA and against plaintiff on all allegations of negligence in the second-amended complaint except for the allegation of the CTA's negligent maintenance of the bus. The basis for this ruling was that the summary judgment in favor of Williams was a prior adjudication on the merits, and therefore the doctrine of *res judicata* barred plaintiff's present claims against the CTA.

The trial court later granted plaintiff's motion for voluntary dismissal without prejudice on the remaining claims pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009), and plaintiff appealed. The appellate court affirmed (No. 1—93—0710 (unpublished order under Supreme Court Rule 23)). We granted leave to appeal (134 Ill. 2d R. 315(a)) and now reverse.

At issue is whether the summary judgment entered in favor of Williams precludes plaintiff's claim against Williams' employer, brought under a theory of vicarious liability for injuries arising out of the same incident. The lower courts ruled that Williams' summary judgment acted as *res judicata* to plaintiff's claim against the CTA.

*Res judicata* bars a subsequent action when three criteria are met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an

identity of parties or their privies. (*People ex rel. Burris v. Progressive Land Developers, Inc.* (1992), 151 Ill. 2d 285, 294.) A prior judgment "estops the parties and all parties in privity with them from relitigating the issue in a subsequent proceeding." *Progressive Land,* 151 Ill. 2d at 295.

The second and third requirements for *res judicata* are apparent from the facts, and their existence is not seriously disputed by plaintiff. There is certainly an identity of the cause of action, since plaintiff is suing the CTA for the same injuries arising out of the same accident as he did in his suit against Williams. Further, the CTA is in privity with Williams, as plaintiff's cause of action against the CTA is based on the theory of vicarious liability. For vicarious liability claims, the employer and employee are "one and the same" defendant (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 125) and "the liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one" (*Towns,* 73 Ill. 2d at 124).

Whether the first *res judicata* element is met depends on whether the summary judgment entered in Williams' favor on the basis that the statute of limitations had run was an adjudication on the merits.

Plaintiff asserts that the summary judgment was not an adjudication on the merits, and in support offers a series of arguments that are generally off-point. Plaintiff suggests that Supreme Court Rule 273 (134 Ill. 2d R. 273) and this court's decision in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 126, require a ruling that a summary judgment entered because the statute of limitations had run is not a ruling "on the merits." Plaintiff also urges that equitable principles require this conclusion.

Rule 273 states that, "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involun-

tary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (134 Ill. 2d R. 273.) As it specifically states, Rule 273 applies only to an involuntary dismissal of an action, such as what occurs when a motion to dismiss under section 2—615 or section 2—619 of the Code of Civil Procedure is granted. A summary judgment is not an involuntary dismissal.

Further, Rule 273, even if it were to apply, would compel a result opposite of what plaintiff seeks. Plaintiff urges that *res judicata* was inappropriately applied because there was no adjudication on the merits. However, Rule 273 states that, with certain exceptions not applicable here, involuntary dismissals do indeed operate as judgments on the merits.

Nor does *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, offer plaintiff any support. In *Towns,* the plaintiff sued Yellow Cab after one of its cabs, in which she was a passenger, was involved in a multiple-car collision. This suit was dismissed with prejudice after plaintiff repeatedly failed to comply with discovery orders of the trial court. Plaintiff then filed suit against the driver of the cab. The driver filed a motion for judgment, claiming that the judgment for Yellow Cab was *res judicata* as to the suit against him. This motion was granted and was affirmed by this court. *Towns,* 73 Ill. 2d at 126.

To the extent that it is relevant, *Towns* supports the CTA, not plaintiff. *Towns* specifically states:

"[A] judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question. ***

*** When an action is brought against a master based on the alleged negligent acts of his servant, and no inde-

pendent wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*. In this regard, it has been said that the liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. [Citation.] As such, any legal claim against the master must be said to be identical to that which the plaintiff may have asserted against the servant. The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. Indeed, if the agency relationship is not in dispute, any act of the servant which renders the master liable also renders the servant liable. A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable. [Citation.] *** [T]o hold otherwise would allow the plaintiff to have two trials for the same cause of action." (*Towns*, 73 Ill. 2d at 122-24.)

*Towns* is relevant in determining whether the final two *res judicata* elements are present, and offers further support for our conclusion that they are present under the facts of this case.

Still unresolved is whether Williams' summary judgment was an adjudication on the merits, the first *res judicata* element. Defendant urges that, "[b]y definition, summary judgment in favor of the driver acted as the procedural equivalent of a trial and represented a final judgment on the merits of Downing's claims against the driver." In support of this contention, it offers three appellate court opinions: *Sampson v. Cape Industries Ltd.* (1992), 229 Ill. App. 3d 943, 949 ("Since summary judgment was granted in favor of [the defendant], there was a final judgment on the merits"); *Poulos v. Reda* (1987), 165 Ill. App. 3d 793, 801 (summary judgment "is the procedural equivalent of a trial and is an adjudication of the claim on the merits" and "to say

that the grant of summary judgment 'shall not be a bar to future actions' is logically inconsistent"); and *Union Federal Savings & Loan Association v. Champion Federal Savings & Loan Association* (1990), 199 Ill. App. 3d 1040, 1043 (a summary judgment "constituted a judgment on the merits").

All three cases cited by defendant involved summary judgment entered after a trial court looked at the facts and decided that, on the merits, no genuine issue existed.[1] None involved summary judgment for failure to meet the statute of limitations.

We disagree that a summary judgment, "by definition," means a judgment on the merits. Although a judgment on the merits will oftentimes be the reason for granting summary judgment, this is not always the case. When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined. To label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance.

Courts cannot ignore the basis on which the summary judgment was granted. If, as in this case, that basis bears no relationship to the actual merits of the case, it would be inappropriate to apply the doctrine of *res judicata* to another party to the action. Since the first element required for *res judicata* is not present in this case, it was error to grant summary judgment in favor of the CTA. That order is therefore reversed, and this cause remanded for further proceedings.

> *Appellate court reversed;*
> *circuit court reversed;*
> *cause remanded.*

---

[1]*Union* involved a Federal court's dismissal for failure to state a cause of action, which is equivalent to a Rule 2—619 dismissal in Illinois. Illinois deems such dismissals as adjudications on the merits. 134 Ill. 2d R. 273.