NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

              Docket No. 80438--Agenda 25--September 1996.

    HAROLD S. LEOW, Appellant, v. A&B FREIGHT LINE, INC., et al. (A&B

                     Freight Line, Inc., Appellee).

                     Opinion filed February 6, 1997.

     JUSTICE HARRISON delivered the opinion of the court:

     On March 11, 1992, plaintiff, Harold Leow, suffered injuries

in a loading dock accident. At the time of the accident, plaintiff

was using a forklift to load skids containing manufactured products

onto a semi-trailer truck owned by defendant A&B Freight Line,

Inc., and operated by its employee, defendant Keith Pasch.

Plaintiff alleges that without warning, Pasch drove the semi-

trailer truck away from the loading dock, causing the forklift

which Leow was operating to fall from the loading dock to the

concrete floor below.

      On March 8, 1994, Leow filed a single-count complaint naming

A&B Freight Line, Inc., as the sole defendant. The count alleged

that Keith Pasch committed various negligent acts which resulted in

injury to plaintiff. The complaint further alleged that A&B Freight

Line, through its employee, Pasch, was liable under the doctrine of

respondeat superior for injuries suffered by Leow. On September 14,

1994, Leow filed an amended complaint adding a second count against

Pasch. Count I of the amended complaint named A&B Freight Line and

remained identical to the original complaint. Count II, against

Pasch, alleged that his negligent operation of the semi-trailer

truck resulted in permanent injuries to Leow.

     Subsequently, Pasch filed a motion to dismiss count II,

pursuant to section 2--619(5) of the Code of Civil Procedure (735

ILCS 5/2--619(5) (West 1994)), claiming that the two-year statute

of limitations had run as to him. The trial court granted Pasch's

motion to dismiss finding that Pasch was not properly named as a

defendant until the amended complaint was filed on September 14,

1994, more than two years after the accident took place. The ruling

was made appealable pursuant to Supreme Court Rule 304(a) (155 Ill.

2d R. 304(a)) on September 28, 1994. Leow did not appeal this

ruling.

     On November 1, 1994, A&B Freight Line filed a motion to

dismiss count I of plaintiff's complaint on the grounds that a

dismissal with prejudice of an action against A&B Freight's

employee, Pasch, barred any action against A&B Freight based on the

doctrines of respondeat superior and res judicata. The trial court

granted A&B Freight's motion to dismiss count I on January 31,

1995. The basis for this ruling was that the involuntary dismissal

of count II, against Pasch, acted as a prior adjudication on the

merits and therefore the doctrine of res judicata barred Leow's

claim against A&B Freight.

     Leow asked the trial court to reconsider its order of January

31, 1995, dismissing count I of his complaint. In his motion for

reconsideration and other relief, Leow requested that the trial

court amend its first order of September 28, 1994, dismissing count

II by inserting language that the dismissal of Pasch was not an

adjudication on the merits of the action against A&B Freight. The

trial court denied Leow's motion to reconsider.

     The appellate court affirmed, with one justice specially

concurring. 276 Ill. App. 3d 985. The court held that the

involuntary dismissal of count II, on statute of limitations

grounds, was a prior adjudication on the merits pursuant to Supreme

Court Rule 273 (134 Ill. 2d R. 273), and therefore the dismissal

acted as res judicata to Leow's claim against A&B Freight. 276 Ill.

App. 3d at 988. We granted Leow's petition for leave to appeal. 155

Ill. 2d R. 315. For the reasons which follow, we reverse.

     At issue in this appeal is whether Pasch's involuntary

dismissal, on statute of limitations grounds, operates as an

adjudication on the merits barring Leow's timely respondeat

superior claim against defendant, A&B Freight. We look to whether

a prior judgment is an adjudication on the merits to determine

whether it should be accorded res judicata effect against another

defendant to the action.

     The doctrine of res judicata provides that an adjudication on

the merits "rendered by a court of competent jurisdiction is

conclusive as to the rights of the parties and their privies."

People ex rel. Burris v. Progressive Land Developers, Inc., 151

Ill. 2d 285, 294 (1992). An adjudication on the merits is an

absolute bar to subsequent actions raising the same claims or

demands and involving the same parties or their privies.

Progressive Land, 151 Ill. 2d at 294. Courts have determined that

for res judicata to bar a subsequent action, three criteria must be

met: (1) there must be a final judgment on the merits rendered by

a court of competent jurisdiction; (2) an identity of causes of

action; and (3) an identity of parties or their privies.

Progressive Land, 151 Ill. 2d at 294.

      In this case, the only element of res judicata in serious

dispute is the first element concerning whether the granting of the

involuntary dismissal in favor of Pasch constitutes a final

judgment on the merits barring the remaining claim against A&B

Freight. The second element of res judicata is clearly present

since Leow is suing both A&B Freight and Pasch for the same

injuries arising out of the same accident. Furthermore, Leow's

claim against A&B Freight is based on a theory of vicarious

liability and under such a theory the employer and employee are

considered to be " `one and the same' defendant." Downing v.

Chicago Transit Authority, 162 Ill. 2d 70, 74 (1994), quoting Towns

v. Yellow Cab Co., 73 Ill. 2d 113, 125 (1978). Therefore, for res

judicata purposes, A&B Freight is in privity with Pasch and the

third element is present. The only remaining dispute is whether the

first element was established.

     Therefore, we need to determine whether the involuntary

dismissal of Pasch, due to the two-year statute of limitations

running, should operate as an adjudication on the merits barring

suit against Pasch's employer. Plaintiff contends that the

involuntary dismissal of Pasch could not be considered an

adjudication on the merits because the actual merits of Leow's

claim were never examined. Plaintiff notes that the only issue the

court resolved when it dismissed Pasch was that he was named a

party to the lawsuit after the statute of limitation had run.

Plaintiff contends that a prior judgment should not be accorded res

judicata effect, against another defendant to the action, unless

the judgment reached the actual merits of the suit. In support,

Leow cites to Downing v. Chicago Transit Authority, 162 Ill. 2d 70

(1994), a recent decision of this court.

      In Downing, this court held that a summary judgment order,

entered in favor of a bus driver on statute of limitations grounds,

was not a res judicata bar to a timely respondeat superior suit

against the Chicago Transit Authority (CTA), which employed him. In

Downing, a CTA bus driven by defendant Williams struck plaintiff,

a bicyclist. Plaintiff filed suit against the CTA and its "unknown

employee and agent." As in the case at bar, plaintiff amended his

complaint naming both the employee and employer as defendants after

the two-year statute of limitations had expired. First, the trial

court granted summary judgment in favor of Williams, reasoning that

he was not properly named a defendant until more than two years

after the accident took place. Subsequently, the trial court

granted the CTA's motion for summary judgment and the appellate

court affirmed. The basis for these rulings by the lower courts was

that "the summary judgment in favor of Williams was a prior

adjudication on the merits, and therefore the doctrine of res

judicata barred plaintiff's present claims against the CTA."

Downing, 162 Ill. 2d at 73.

     This court reversed. The court determined, as we have here,

that the only element of res judicata in dispute was whether the

judgment releasing the employee from liability was considered an

adjudication on the merits. Downing, 162 Ill. 2d at 74. In

determining whether the summary judgment as to Williams was an

adjudication on the merits, this court stated it "cannot ignore the

basis on which the summary judgment was granted." Downing, 162 Ill.

2d at 77. This court went on to examine the basis for granting

summary judgment in Downing and reasoned that: "When a summary

judgment is granted because the statute of limitations has run, the

merits of the action are never examined." Downing, 162 Ill. 2d at

77. The Downing court held that when the basis for granting summary

judgment bears no relationship to the actual merits of the case,

"it would be inappropriate to apply the doctrine of res judicata to

another party to the action." Downing, 162 Ill. 2d at 77. Finally,

this court concluded that to label a summary judgment order, such

as the one in Downing, an adjudication on the merits "would be the

quintessential act of exalting form over substance." Downing, 162

Ill. 2d at 77.

     The Downing decision seems virtually identical to the case at

bar. In both cases, the employers were timely named, but claims

against the employees were not added until after the statute of

limitations had expired. Both employees received either an

involuntary dismissal or summary judgment in their favor based on

their statute of limitation defenses. Subsequently, the employers

remaining in both suits claimed that the release of their

employees, on statute of limitations grounds, operated as

adjudications on the merits barring the claims against them. At

issue in both cases was whether these prior judgments should be

given res judicata effect with respect to the remaining defendants.

      As stated, the Downing court concluded that the basis for

granting summary judgment bore no relationship to the actual merits

of the case. Therefore, the court refused to label a summary

judgment order on statute of limitations grounds an adjudication on

the merits. In the present case, if we apply the reasoning from

Downing and look to the basis on which the involuntary dismissal

was granted, we must also conclude that the actual merits of the

action were never examined. In both cases, the only issue the lower

courts decided was whether the employees were timely named as

defendants. As in Downing, the basis for granting the employee's

motion bears no relationship to the actual merits of Leow's case.

Under this reasoning, it would be improper to apply the doctrine of

res judicata to another party to the action.

     The only distinction which can be drawn between the two cases

is the type of procedural device used by the defendant employees to

assert their statute of limitations defenses. As stated in Downing,

the driver filed a motion for summary judgment, while in the case

at bar, Pasch filed a section 2--619 motion to dismiss. Defendant

A&B Freight contends that the difference between the procedural

choice of a motion for summary judgment over a motion to dismiss is

critical. Defendant asserts that such a distinction is critical

because pursuant to Illinois Supreme Court Rule 273 (134 Ill. 2d R.

273) an involuntary dismissal of an action is deemed an

adjudication on the merits for purposes of invoking the doctrine of

res judicata. Rule 273 states that "[u]nless the order of dismissal

or a statute of this State otherwise specifies, an involuntary

dismissal of an action, other than a dismissal for lack of

jurisdiction, for improper venue, or for failure to join an

indispensable party, operates as an adjudication upon the merits."

134 Ill. 2d R. 273. Defendant asserts that since the involuntary

dismissal of Pasch did not fall under one of these exceptions

outlined in Rule 273, and the order of dismissal did not specify

otherwise, the judgment in favor of Pasch operated as an

adjudication on the merits.

     Defendant argues that Downing supports this interpretation of

Rule 273. The Downing court did recognize a distinction between an

involuntary dismissal and an order granting summary judgment,

stating that Rule 273 only applies to involuntary dismissals such

as when a motion to dismiss under section 2--615 or 2--619 is

granted. Downing, 162 Ill. 2d at 75. Furthermore, the court stated

in dicta that if Rule 273 had applied in Downing, it would compel

the opposite result because certain "involuntary dismissals do

indeed operate as judgments on the merits." Downing, 162 Ill. 2d at

75.

     Following Downing, this court applied Rule 273 in Rein v.

David A. Noyes & Co., 172 Ill. 2d 325, 335-36 (1996), to hold that

the dismissal of a claim on statute of limitations grounds operated

as an adjudication on the merits barring plaintiffs from asserting

that claim in a successive action against the same defendants.

Rein, however, is distinguishable. Unlike that case, the matter

before us involves a separate claim against a different defendant.

     This distinction is critical. Where a different defendant is

involved, as in the present case, Rule 273 cannot be applied

mechanically, because doing so would yield absurd and unjust

results. If the rule could be invoked here, plaintiff would be

precluded from seeking redress from A&B Freight, the employer,

simply because he made a belated attempt to join Pasch, the

employee. Had he never attempted to join the employee, the action

against A&B Freight would have proceeded normally. Considering that

the employee is not even a necessary party to the litigation

against the employer in cases such as this (see McCottrell v. City

of Chicago, 135 Ill. App. 3d 517, 519 (1985)), dismissal of A&B

Freight based on plaintiff's delay in adding Pasch makes no sense

at all.

     To avoid such anomalies, we must look to the purpose and

intent of Rule 273 in determining whether a dismissal against one

defendant based on statute of limitations grounds should be deemed

to be an adjudication on the merits as to a different defendant.

Rule 273 was adopted in 1975 and was modeled after Federal Rule of

Civil Procedure 41(b). 58 Ill. 2d R. 273, Committee Comments.

Therefore, we will examine Rule 41(b) and its history to guide our

interpretation of Rule 273. At common law, a dismissal on grounds

other than the actual merits of the case would not constitute res

judicata in a later case. Madden v. Perry, 264 F.2d 169, 175 (7th

Cir. 1959); Haldeman v. United States, 91 U.S. 584, 585-86, 23 L.

Ed. 433, 434 (1876). The Supreme Court has stated that it did not

discern in Rule 41(b) "a purpose to change this common-law

principle with respect to dismissals in which the merits could not

be reached for failure of the plaintiff to satisfy a precondition."

Costello v. United States, 365 U.S. 265, 286, 5 L. Ed. 2d 551, 565,

81 S. Ct. 534, 545 (1961). According to the Supreme Court, the res

judicata effect of Rule 41(b) dismissals was intended to apply to

situations where a defendant had to incur the inconvenience of

preparing to meet the merits of a controversy. Costello, 365 U.S.

at 286, 5 L. Ed. 2d at 565, 81 S. Ct. at 545.

     Applying these principles, the Supreme Court, in Costello,

held that the dismissal of a previous complaint in a

denaturalization proceeding, for failure to file an affidavit of

good cause, was not an adjudication on the merits under Rule 41(b).

The Court reasoned that when determining whether dismissals, not

otherwise provided for under the rule, operate as adjudications on

the merits, "it seems reasonable to confine them to those

situations where the policy behind the enumerated grounds is

equally applicable." Costello, 365 U.S. at 286, 5 L. Ed. 2d at 565,

81 S. Ct. at 545. The Court further reasoned that obtaining a

dismissal, due to the government's failure to file an affidavit,

did not put the petitioner to the trouble of preparing a defense

and meeting the merits of the case. Costello, 365 U.S. at 287, 5 L.

Ed. 2d at 565, 81 S. Ct. at 545. Therefore, the Supreme Court held

that the policy behind Rule 41(b) would not be furthered by

treating a dismissal for failure to file an affidavit as an

adjudication on the merits. Costello, 365 U.S. at 287, 5 L. Ed. 2d

at 566, 81 S. Ct. at 546.

     Accordingly, where separate defendants are involved, we hold

that as with Rule 41(b), only those types of involuntary dismissals

that serve the policy behind Supreme Court Rule 273 should be

treated as adjudications on the merits. Since Rule 273 was modeled

after Federal Rule 41(b), the policy behind the rules is the same.

As with Rule 41(b) dismissals, the res judicata effect of Rule 273

dismissals was also intended to apply to situations where

defendants are put to the inconvenience of preparing to meet the

merits of the case. Rule 273 was designed to protect a defendant

from relitigating the same matter over again after the defendant or

his privy was dismissed in a prior proceeding.

     That policy is not served by dismissing A&B Freight from this

case. From our previous analysis, it is apparent that A&B Freight

never had to incur the inconvenience of preparing a defense and

meeting the merits of this controversy. In this case, Pasch, A&B

Freight's agent, was dismissed from this action for the sole reason

that he was not properly named a defendant until after the statute

of limitations had expired. Such an order of dismissal only decides

the merits of Pasch's section 2--619 motion and was not a

determination of the merits of the underlying claim. Since the

merits were never examined, A&B Freight was never put to the

inconvenience of preparing a defense. A&B Freight merely asserted

that Pasch's involuntary dismissal, on grounds not even in

controversy in A&B Freight's suit, acted as res judicata to

plaintiff's claim against A&B Freight. In effect, Pasch's defense

was simply transferred to A&B Freight, and no issues between Leow

and A&B Freight were ever actually decided. We conclude that the

policy behind Rule 273, and its model, Federal Rule 41(b), would

not be furthered by treating  an involuntary dismissal on statute

of limitations grounds as an adjudication on the merits under these

circumstances.

     We further find that the fact that the employee in this case

utilized a section 2--619 motion to dismiss, rather than a motion

for summary judgment, does not warrant a different result from that

reached in Downing. The policy behind Rule 273 and its federal

counterpart supports a decision consistent with the reasoning in

Downing. To adhere to the policy behind Rule 273, an involuntary

dismissal as to the employee, like a summary judgment, should not

be automatically labeled a judgment on the merits with respect to

the employer. But rather, as directed in Downing, the basis on

which the judgment was granted should be examined to determine

whether the merits of the case were ever considered.

     Moreover, on a section 2--619 motion to dismiss, a trial court

has even less of an opportunity to examine the real merits of a

plaintiff's case than on a motion for summary judgment. On motions

for summary judgment, trial courts normally examine pleadings,

depositions, admissions on file, and affidavits to determine

whether there is any general issue of material fact to be tried by

a jury. Gilbert v. Sycamore Municipal Hospital, 156 Ill. 2d 511,

517-18 (1993). Section 2--619 motions to dismiss, on the other

hand, provide a mechanism for courts to dispose of issues of law

based on certain defects and defenses, outlined in the statute. 735

ILCS 5/2--619 (West 1994). In Downing, the court already determined

that an order granting summary judgment to an agent, on statute of

limitations grounds, was not a bar to the action against the

principal, the reason being that when summary judgment is granted

for failure to meet the statute of limitations, the actual merits

of the suit are never examined. Downing, 162 Ill. 2d at 77. The

standard should not be higher for section 2--619 dismissals, where

a court has even less chance to look at the merits of the

underlying cause of action. We conclude that there is no reason to

treat a section 2--619 motion to dismiss differently than a motion

for summary judgment when both motions were granted on the same

grounds.

     In this case, as in Downing, Pasch was dismissed from the suit

for reasons bearing no relationship to the actual merits. We

conclude that the involuntary dismissal of Pasch was not an

adjudication on the merits as to A&B Freight. The first element of

res judicata was not present in this case; therefore, it was error

to grant A&B Freight's motion to dismiss. As in Downing, in the

present case, plaintiff's action against the principal was not

barred by the doctrine of res judicata. Accordingly, we reverse the

judgments of the circuit and appellate courts and remand to the

circuit court for further proceedings.

Appellate court reversed;

                                                  circuit court reversed;

                                                          cause remanded.

                                                                         

     JUSTICE McMORROW, specially concurring:

     I agree that plaintiff's complaint against A&B Freight should

not be dismissed under the doctrine of res judicata, but not for

the reasons offered by the majority. In my view, the majority's

analysis is flawed and likely to cause unnecessary confusion in

future cases. I reach this conclusion for several reasons, and

write separately to address each in turn.

                                     I

                            A. Flawed Analysis

     The dispositive issue in this appeal is whether an employer

may assert the involuntary dismissal of its employee, obtained on

statute of limitations grounds, as a basis for its own dismissal by

virtue of the doctrine of res judicata. That doctrine provides that

a final judgment on the merits bars a subsequent action between the

same parties or their privies on the same cause of action. People

ex rel. Burris v. Progressive Land Developers, Inc., 151 Ill. 2d

285, 294 (1992). Three requirements must be met for res judicata to

apply: (1) there must be a final judgment on the merits rendered by

a court of competent jurisdiction; (2) there must be an identity of

causes of action (or defenses); and (3) there must be an identity

of parties or their privies. Progressive Land, 151 Ill. 2d at 294.

     In this case, the majority begins its analysis by noting that

"the only element of res judicata in serious dispute is the first

element concerning whether the granting of the involuntary

dismissal in favor of [the employee] constitutes a final judgment

on the merits barring the remaining claim against A&B Freight."

Slip op. at 3. As to the final two elements, the majority

concludes:

          " `The second element of res judicata is clearly present

          since [plaintiff] is suing both A&B Freight and [its

          employee] for the same injuries arising out of the same

          accident. Furthermore, [plaintiff's] claim against A&B

          Freight is based on a theory of vicarious liability and

          under such a theory the employer and employee are

          considered to be "one and the same" defendant.' " Slip

          op. at 3, quoting Downing v. Chicago Transit Authority,

          162 Ill. 2d 70, 74 (1994).

     Despite this early conclusion that the same claim and same

party requirements have been satisfied, the majority later insists

that "the matter before us involves a separate claim against a

different defendant." (Emphasis added.) Slip op. at 6. The majority

then uses this fact, i.e., the existence of a different defendant,

to ultimately conclude that the first element of res judicata has

not been satisfied. See slip op. at 7 ("where separate defendants

are involved, we hold that *** only those types of involuntary

dismissals that serve the policy behind Supreme Court Rule 273

should be treated as adjudications on the merits"). The majority

supports this novel theory by further suggesting that Supreme Court

Rule 273, which provides that all involuntary dismissals operate as

adjudications on the merits unless the dismissal was for lack of

jurisdiction, improper venue, or failure to join an indispensable

party, should be interpreted differently depending upon the party

which invokes the rule. According to the majority, "[w]here a

different defendant is involved, as in the present case, Rule 273

cannot be applied mechanically ***." (Emphasis added.) Slip op. at

6.

     I do not believe that Rule 273 should be interpreted

differently merely because a different defendant is involved. On

the contrary, whether a judgment is or is not an adjudication on

the merits under Rule 273 does not depend upon whether there is an

identity of parties, as in the case of res judicata. Rather, it

depends solely on whether the dismissal at issue falls within one

of the three exceptions specified in the rule. See Towns v. Yellow

Cab Co., 73 Ill. 2d 113, 122 (1978) (holding that involuntary

dismissals for reasons other than those specified by Rule 273 are

adjudications on the merits). Where, as here, none of the three

exceptions apply, the dismissal operates as an adjudication on the

merits. Rein v. David A. Noyes & Co., 172 Ill. 2d 325 (1996).

     In Rein, we held that a dismissal of an action based on the

running of a statute of limitations constituted an adjudication on

the merits by virtue of Rule 273. Rein, 172 Ill. 2d at 335-36. In

that case, plaintiffs filed an eight-count complaint against a

securities dealer and its agents, seeking, inter alia, to rescind

an agreement to purchase certain bonds. The circuit court dismissed

the complaint pursuant to section 2--619(a)(5) of the Code of Civil

Procedure (735 ILCS 5/2--619(a)(5) (West 1994)). The court held

that the action was barred by the applicable statute of

limitations. After an unsuccessful appeal, plaintiffs returned to

the circuit court and attempted to replead the rescission counts.

The court again dismissed the action, this time ruling that the

claims were barred by the doctrine of res judicata. We affirmed

that ruling on appeal, noting that the prior dismissal on statute

of limitations grounds served as an adjudication on the merits.

Justice Miller, writing for a unanimous court, held as follows:

          "Supreme Court Rule 273 provides that, `[u]nless the

          order of dismissal or a statute of this State otherwise

          specifies, an involuntary dismissal of an action, other

          than a dismissal for lack of jurisdiction, for improper

          venue, or for failure to join an indispensable party,

          operates as an adjudication upon the merits.' 134 Ill. 2d

          R. 273. As this court has previously stated, Rule 273

          applies only to an involuntary dismissal of an action,

          such as that which occurs when a motion to dismiss under

          section 2--615 or 2--619 of the Code is granted. Downing,

          162 Ill. 2d at 74-75. Therefore, under Rule 273, the

          trial judge's decision to grant defendant's motion to

          dismiss the rescission counts in Rein I based on the

          applicable statute of limitations is a final adjudication

          on the merits and operates as a final judgment on the

          merits for purposes of res judicata. See Downing, 162

          Ill. 2d at 74-75." Rein, 172 Ill. 2d at 335-36.

     Our holding in Rein is wholly consistent with the plain

language of Rule 273. That rule specifies that only involuntary

dismissals based on (i) lack of jurisdiction, (ii) improper venue,

or (iii) failure to join a necessary party shall not operate as

adjudications on the merits, unless the order of dismissal or a

statute states otherwise. 134 Ill. 2d R. 273. The rule does not

exempt involuntary dismissals based on the running of the statute

of limitations. Such dismissals, therefore, are adjudications on

the merits. Towns v. Yellow Cab Co., 73 Ill. 2d 113, 122 (1978).

That was the conclusion reached by this court in Rein, and that has

been the unanimous conclusion reached by our appellate court.

Greenfield v. Ray Stamm, Inc., 242 Ill. App. 3d 320, 327 (1993)

(holding that dismissal based on statute of limitations constitutes

an adjudication on the merits); Sankey Brothers, Inc. v. Guilliams,

152 Ill. App. 3d 393, 398 (1987); Muscare v. Voltz, 107 Ill. App.

3d 841, 843 (1982). Consequently, there can be no dispute over

whether the type of dismissal involved in this case, i.e., a

dismissal for failure to file a complaint within the applicable

limitations period, constitutes an adjudication on the merits

pursuant to Rule 273.

     Notwithstanding the above, the majority asserts that "[u]nlike

[Rein], the matter before us involves a separate claim against a

different defendant." Slip op. at 6. The majority believes that

this distinction is "critical" because "[w]here a different

defendant is involved, as in the present case, Rule 273 cannot be

applied mechanically, because doing so would yield absurd and

unjust results." Slip op. at 6. Thus, from the majority's point of

view, the existence of a different defendant in this case is

relevant because it purportedly affects the way in which we should

interpret Rule 273. I question the validity of the majority's

argument on this point.

     Although I agree with the majority that the existence of a

separate claim and a different defendant distinguishes the instant

case from Rein, I do not think that this distinction is relevant in

terms of how we should construe Rule 273. In my view, this

distinction simply has nothing to do with that rule or its

application. Rather, the existence of a separate claim and a

different defendant is relevant in determining whether the final

two elements of res judicata have been satisfied. After all, it is

the doctrine of res judicata, and not Rule 273, which speaks in

terms of separate claims and different defendants. Indeed, as noted

above, three requirements must be satisfied before courts will

apply the doctrine of res judicata: there must be a final judgment

on the merits, an identity of causes of actions, and an identity of

parties or their privies. People ex rel. Burris v. Progressive Land

Developers, Inc., 151 Ill. 2d 285, 294 (1992). In contrast, the

applicability of Rule 273 does not turn on whether separate claims

or different parties exist. A review of the plain language of that

rule reveals that the sole concern of Rule 273 is the determination

of whether an order of dismissal will be treated as an adjudication

on the merits. Nothing in the language of the rule supports the

notion that the existence of different defendants should result in

a different interpretation. Thus, there is no basis for the

majority's contention that our analysis of Rule 273 should vary, or

that the rule should be less than "mechanically" applied, simply

because a separate claim or a different defendant is involved.

     Accordingly, to the extent that my colleagues view Rein as

factually distinguishable from the instant case, I agree. I do not,

however, believe that Rein is distinguishable in terms of

construing Rule 273, as the majority erroneously posits. Unlike the

majority, I think that Rein is distinguishable only in the context

of the doctrine of res judicata. In Rein, we barred any further

litigation between the parties because all three elements of res

judicata were satisfied. In this case, not all of the elements of

res judicata are present. As the majority repeatedly points out,

the case at bar involves a separate claim and a different

defendant; therefore, the doctrine of res judicata does not apply.

                      B. Inapposite Federal Precedent

     Because of its insistence on deciding this case in terms of

Rule 273 rather than on the basis of the final two elements of res

judicata, the majority is forced to continue its analysis by

relying on inapposite case law in an attempt to circumvent the

plain language of Rule 273. Noting that our own rule shares a

common heritage with Federal Rule of Civil Procedure 41(b), the

majority cites to the United State's Supreme Court's decision in

Costello v. United States, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct.

534 (1961). Costello, however, did not involve a dismissal of an

action based on the running of a statute of limitations. Instead,

the Court in Costello merely held that a dismissal of a complaint

in a denaturalization proceeding for the failure to file an

affidavit of good cause did not constitute an adjudication on the

merits under Rule 41(b). In reaching that conclusion, the Court

specifically noted that such dismissals were equivalent to

dismissals for "lack of jurisdiction." Costello, 365 U.S. at 285,

5 L. Ed. 2d at 564, 81 S. Ct. at 544. The Supreme Court further

observed that dismissals for lack of jurisdiction were expressly

exempt from the effect of Rule 41(b), which, like our Rule 273,

provides in pertinent part: " `Unless the court in its order for

dismissal otherwise specifies, a dismissal under this subdivision

and any dismissal not provided for in this rule, other than a

dismissal for lack of jurisdiction or for improper venue, operates

as an adjudication upon the merits.' " (Emphasis added.) Costello,

365 U.S. at 284, 5 L. Ed. 2d at 564, 81 S. Ct. at 544, quoting Fed.

R. Civ. P. 41(b). Consequently, the Supreme Court had no difficulty

in finding that the dismissal of a complaint for failure to file

the requisite affidavit, which it likened to a dismissal for lack

of jurisdiction, was not an adjudication on the merits.

     I do not find Costello persuasive in resolving the precise

issue presented in the case at bar. Indeed, the opinion in Costello

contains not one reference to statutes of limitations, dismissals

obtained through them, or their effect under Rule 41(b). Yet

Costello is the sole federal case cited by the majority, and it is

the majority which believes that federal case law, rather than

state law precedent, is controlling. Even if federal precedent were

controlling, my research reveals that the federal judiciary has

uniformly held that an involuntary dismissal obtained on statute of

limitations grounds constitutes an adjudication on the merits under

Rule 41(b). See Murphy v. Klein Tools, Inc., 935 F.2d 1127 (10th

Cir. 1991) (dismissal on limitations grounds constitutes an

adjudication on the merits) (citing, inter alia, Steve D. Thompson

Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044 (5th Cir.

1989), Rose v. Town of Harwich, 778 F.2d 77 (1st Cir. 1985), and

Johnson v. Burnley, 887 F.2d 471 (4th Cir. 1989)); see also Schoup

v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989) (citing Nilsen

v. City of Moss Point, 701 F.2d 556 (5th Cir. 1983), PRC Harris,

Inc. v. Boeing Co., 700 F.2d 894 (2d Cir. 1983), and Nathan v.

Rowan, 651 F.2d 1223 (6th Cir. 1981)). In fact, the very analysis

utilized by today's majority was rejected by the Fourth Circuit

Court of Appeals in Schoup v. Bell & Howell Co., 872 F.2d 1178 (4th

Cir. 1989), where plaintiffs tried unsuccessfully to apply the

Costello rationale to the statute of limitations question.

     In sum, I do not agree with the majority that the proper

resolution of the res judicata issue presented in this case turns

upon the meaning of Rule 273. In my view, it is not the first

element of res judicata (adjudications on the merits) which is at

issue here, but rather the final two elements (identity of claims

and parties). But even if I did agree with the majority in this

respect, I would not be swayed by their citation to federal case

law. For these reasons, I do not place any credence on the

majority's reliance on Costello.

                                    II

     At the outset, I pointed out the internal inconsistency in the

majority's analysis of the issue presented for our review. On the

one hand, the majority holds that the final two elements of res

judicata have been satisfied because (i) plaintiff is suing for the

same injuries arising out of the same accident, and (ii) A&B

Freight and its employee are considered to be " `one and the same'

defendant." Slip op. at 3. On the other hand, the majority spends

the remainder of its opinion arguing that this case actually

involves a separate claim against a different defendant. I would

now like to offer an explanation as why I think that the majority,

perhaps unwittingly, falls victim to its own analysis, and why my

approach to resolving the res judicata issue merits future

consideration by this court.

     The record in the instant case reveals that plaintiff filed a

timely complaint against A&B Freight on March 8, 1994. The

complaint alleged that plaintiff suffered injuries as a result of

certain negligent acts committed by one of A&B Freight's employees.

Plaintiff later filed an amended complaint in which he attempted to

add the employee as a party defendant. Because this second

complaint was not filed within the applicable limitations period,

the employee moved to dismiss the complaint pursuant to section 2--

619(a)(5) of the Code of Civil Procedure. The circuit court granted

the motion to dismiss. Shortly thereafter, A&B Freight also moved

to dismiss plaintiff's complaint. A&B Freight argued that it could

no longer be liable under the theory of respondeat superior since

its employee had been dismissed from the case. In support of this

argument, A&B Freight relied upon what is now referred to as the

Towns doctrine, named after the case in which it finds its most

prominent expression. Towns v. Yellow Cab Co., 73 Ill. 2d 113

(1978). This doctrine may be summarized as follows:

          "When an action is brought against a master based on the

          alleged negligent acts of his servant, and no independent

          wrong is charged on behalf of the master, his liability

          is entirely derivative, being founded upon the doctrine

          of respondeat superior. In this regard, it has been said

          that the liability of the master and servant for the acts

          of the servant is deemed that of one tortfeasor and is a

          consolidated or unified one. *** A judgment, therefore,

          adjudicating the master not liable, where a judgment to

          the contrary could have only resulted from a finding that

          the servant committed an actionable wrong against the

          plaintiff, is a judgment in legal effect that the servant

          is not liable." Towns, 73 Ill. 2d at 123-24.

     Relying on this doctrine, the circuit court granted A&B

Freight's motion to dismiss, ruling that the order dismissing the

employee barred any further action against A&B Freight under the

principles of res judicata. The appellate court affirmed, finding

that all of the elements of res judicata had been met. 276 Ill.

App. 3d 985. On appeal before this court, A&B Freight once again

invokes the Towns doctrine. Unfortunately, the majority summarily

accepts A&B Freight's argument without fully considering the

ramifications of that decision. As a result, the majority is

compelled to hold that A&B Freight and its employee are deemed

" `one and the same' defendant" (slip op. at 3) despite the fact

that the majority later realizes that this case actually involves

different defendants. See, e.g., slip op. at 6-7.

     In my view, however, the Towns doctrine does not apply to the

facts of this case. In Towns, this court recognized the general

principle that a prior judgment for an employee will ordinarily

terminate the employer's liability due to the fact that the

latter's liability is entirely derivative. Towns, 73 Ill. 2d at

123-25. In other words, if a trier of fact determines that an

employee was not negligent, then the employer cannot be held liable

under the theory of respondeat superior. On the other hand, if the

judgment in favor of the employee is based solely on a defense that

is personal to the employee, such as an expired statute of

limitations, then the employee's actual negligence has never been

determined. Under these circumstances, the employer may still be

found liable under the theory of respondeat superior. See, e.g.,

Restatement (Second) of Judgments §51 (1982) (judgment against

plaintiff based on defense personal to one defendant not given res

judicata effect in subsequent litigation against another defendant

who may be vicariously liable). In such a scenario, the Towns

doctrine would not apply. To hold otherwise would lead to the

unsound result that an employer who was timely sued would be

dismissed from a case simply because its employee was sued after

the statute of limitations had expired. The absurdity of that

scenario stems from the fact that the employee is not even a

necessary party to the employer's litigation. The Nebraska Supreme

Court recently utilized this very analysis when considering the

same issue under principles identical to the those found in Towns.

Kocsis v. Harrison, 249 Neb. 274, 543 N.W.2d 164 (1996).

     In Kocsis, plaintiffs brought a medical malpractice action

against a doctor and his employer, the Omaha Primary Care

Associate, P.C. (hereinafter the Clinic). The trial court granted

summary judgment in favor of the doctor, ruling that plaintiff's

complaint was barred by the applicable statute of limitations.

Subsequently, the trial court granted the Clinic's motion for

summary judgment, concluding that under the doctrine of respondeat

superior, the Clinic could no longer be liable because the

plaintiffs' complaint against the doctor was time-barred. In

reversing the trial court, the Supreme Court of Nebraska

acknowledged that "[i]f an employee is not liable, the employer

cannot be liable under the doctrine of respondeat superior."

Kocsis, 249 Neb. at ___, 543 N.W.2d at 169. The court noted,

however, that "it is also well established that a plaintiff is not

required to join the employee when suing the employer under the

doctrine of respondeat superior." Kocsis, 249 Neb. at ___, 543

N.W.2d at 169. The court then stated:

               "We hold that when a plaintiff initiates an action

          under the theory of respondeat superior against an

          employer before the statute of limitations has run as to

          the employee, the plaintiff need not sue both the

          employer and employee to prevent his action from being

          time barred. The controlling statute of limitations

          applicable to the employer is that which would apply to

          the employee. Therefore, if the action is brought within

          the limitations period that applies to the employee's

          tortious conduct, the action is not time barred as to the

          employer whose liability is solely vicarious." Kocsis,

          249 Neb. at ___, 543 N.W.2d at 169.

     I find the reasoning in Kocsis persuasive. Therefore, I would

also hold that when a plaintiff files a timely suit against an

employer and later seeks to join its employee as a party defendant,

the plaintiff's timely complaint against the employer should not be

dismissed simply because the employee successfully raises the

statute of limitations in his or her own defense. I would further

hold that the Towns doctrine does not apply in that situation, and

that the second and third elements of res judicata (identity of

claims and parties) have not been satisfied. In this way, this

court would not have to engage in a disingenuous interpretation of

Rule 273 in a contrived attempt to characterize that which is an

adjudication on the merits as not an adjudication on the merits.

     For the foregoing reasons, I concur only in the judgment of

the court.

     JUSTICES MILLER and FREEMAN join in this special concurrence.