151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur J. CLEMENS Jr., Plaintiff-Appellant,
v.
ILLINOIS FARMERS INSURANCE et al., Defendants-Appellees.
 No. 97-4231.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 10, 1998.*
Decided Aug. 17, 1998.
Rehearing Denied Sept. 17, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 4819 David H. Coar, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This civil RICO suit arises out of a slip and fall that Arthur Clemens suffered at the home of defendant Gregory Smith on December 30, 1989. Clemens originally filed suit in state court, but he "removed" his case to federal court after the state court dismissed it. The district court dismissed the suit on res judicata and statute of limitations grounds. Clemens now appeals the dismissal, but we agree that the prior state litigation precludes this action, and affirm.
 
 I. Facts
 
 2
 Clemens fell on the icy front porch of Greg Smith's home in Dolton, Illinois, on December 30, 1989. On December 23, 1991, Clemens filed a counseled complaint in the Circuit Court of Cook County alleging that Smith's negligence had caused the fall. In November 1995, his attorneys withdrew from the case, and Clemens submitted an amended complaint adding Calaveras Asbestos, Ltd., as a defendant, and alleging that Smith intentionally had caused Clemens' fall by icing his porch and luring Clemens out on to it; that Smith had stolen $340 from Clemens while he was in the hospital after the fall; that Illinois Farmers Insurance Company had caused Clemens' fall by selling Smith an insurance policy; and that Illinois Farmers had "obtained favorable legislation for itself and for the protection racket industry as a whole as a result of its partnership with Defendant Smith." Judge James Varga granted leave for Clemens to file the complaint but in the same order "dismisse[d] each and every count of the Amended Complaint with prejudice." See Clemens v. Smith, No. 91 L 20599 (Cir.Ct. Cook Cty. Feb 23, 1996) (unpublished order). Clemens then filed a petition for a writ of mandamus in the Illinois Supreme Court asking that the case be reinstated and Judge Varga removed from the case. The petition was denied. On August 5, 1996, Clemens "removed" his state case to the Northern District of Illinois "under RICO act + [18 U.S.C. § 1959]."
 
 
 3
 The district court sua sponte dismissed without prejudice Clemens' initial complaint for failing to state a claim, and gave Clemens 21 days to file an amended complaint. Clemens filed an amended complaint alleging ten causes of action, including all but the last allegation from the state court complaint (thus omitting Calaveras Asbestos as a defendant) and several new ones: 1) that Smith "determined that he wanted to be sued" by Clemens after Clemens fell, so Smith procured Clemens' first attorney and tried to extort money from Clemens; 2) that Smith and Illinois Farmers bribed Judge Varga to dismiss his complaint; 3) and that Smith was a member of a "John Doe criminal enterprise" that affected "the United States and world energy market, the United States and world pool table manufacturing industry, the gaming industry, the political consulting market, and any and all financial and personal activities of the Plaintiff in his capacity as a commodity that exists to be exploited by said criminal enterprise, and as a potential competitor, rather than as a human being and a citizen." Clemens alleged 21 racketeering acts perpetrated against him by the John Doe enterprise, including, among others, brainwashing him while he was in the hospital after falling, "various assaninations [sic] and murders," "hiring professional perjurors, [sic]" and bribing the Kansas legislature to pass Kan.Stat.Ann. 59-2295 (allowing a court to terminate a trust if the costs of administration would "defeat or substantially impair the purposes of the trust") in 1987. On motion of the defendants, the district court dismissed the amended complaint with prejudice, finding that the Cook County Circuit Court dismissal precluded the current action, and that any RICO claims were barred by the four-year statute of limitations. Clemens appeals.
 
 II. Analysis
 
 4
 We review de novo a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Travel All Over The World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir.1996). We take all of the plaintiff's well-pleaded factual allegations as true, and will affirm only when the plaintiff cannot state a claim under any set of facts consistent with the complaint. See Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir.1998).
 
 
 5
 The federal courts must give the Illinois Circuit Court ruling the same preclusive effect that Illinois courts would give it, so long as Clemens received a full and fair opportunity to pursue his claims in state court. See 28 U.S.C. § 1738; Kremer v. Chemical Construction Corp., 456 U.S. 461, 480-83, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In Illinois, res judicata bars a second suit when "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." Downing v. Chicago Transit Auth., 162 Ill.2d 70, 204 Ill.Dec. 755, 642 N.E.2d 456, 458 (Ill.1994). Clemens argues that there was no final judgment on the merits in state court, but the documents he submitted with his complaint show unambiguously that the state court dismissed his complaint with prejudice pursuant to 735 ILCS 5/2-615. Illinois considers a dismissal under § 2-615 to be a judgment on the merits. See Ill.S.Ct.R. 273 ("Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."). As for the other two elements of res judicata under Illinois law, the parties to the federal and state litigation are identical, and there is likewise an identitity of cause of action because the claims in Clemens' federal suit arise from the same events as those in his state lawsuit. See Whitaker v. Ameritech Corp., 129 F.3d 952, 956 (7th Cir.1997); Rodgers v. St. Mary's Hosp., 149 Ill.2d 302, 173 Ill.Dec. 642, 597 N.E.2d 616, 621 (Ill.1992).
 
 
 6
 Clemens argues that he did not receive a full and fair opportunity to pursue his claim in state court because he did not get discovery or a hearing in open court on the dismissal of his claim. But the sufficiency of a complaint may be determined without a hearing in open court. The whole purpose of rules such as 2-615 and its federal equivalent, Rule 12(b), is to eliminate as early as possible cases that under any set of facts do not state a valid claim. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1994). Therefore, Clemens' Illinois suit precludes his suit in federal court, and the district court correctly dismissed Clemens' complaint.
 
 
 7
 Clemens argues that when the district court dismissed his complaint pursuant to Rule 12(b)(6) it violated his Seventh Amendment right to a jury trial, but a proper Rule 12(b)(6) dismissal does not violate the Seventh Amendment. See Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir.1990). Our disposition of the res judicata issue renders moot the remainder of Clemens' arguments.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)