LINDSEY CLOAD a Minor, by Her Mother and Next Friend, Gina Cload, Plaintiff-Appellee, v. ANN WEST, f/k/a Ann Holmquist, Defendant (Copley Memorial Hospital *et al.*, Defendants-Appellants).

Second District   No. 2—01—0862

Opinion filed April 3, 2002.

Joshua G. Vincent and Judith L. Hart, both of Hinshaw & Culbertson, of Chicago, and Michael T. Terwilliger, of Hinshaw & Culbertson, of Schereville, Indiana, for appellants.

Lynne Plum Duffey and Howard Schaffner, both of Hofeld & Schaffner, of Chicago, and William F. Cunningham, of Cunningham, Meyer & Vedrine, of Wheaton, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Defendants E. Reimer and Copley Memorial Hospital (Copley) (Ann West is not involved in this appeal) appeal an order of the circuit court of Kane County denying their motion to dismiss brought pursuant to section 2—619 of the Civil Practice Law (735 ILCS 5/2—619 (West 2000)). In their motion, defendants contended, *inter alia*, that plaintiff's present action is barred by *res judicata*. The trial court disagreed. Defendants then requested the trial court to make the necessary findings under Supreme Court Rule 308 (155 Ill. 2d R. 308) that would allow an interlocutory appeal. This request was granted and the trial court certified the following question for review: "[U]nder the doctrine of *res judicata*, is there an identity of cause of action in plaintiffs' [*sic*] prior and present suits[?]" We answer this question in the affirmative.

## BACKGROUND

Plaintiff, Lindsey Cload, by her mother and next friend, Gina Cload, instituted an action against Dr. Ann West, Dr. Philip Jacobsen, and Copley in the circuit court of Cook County on March 3, 1995. The complaint sounded in malpractice and concerned events related to the birth of Lindsey. Lindsey was born on June 13, 1991. Gina began experiencing labor pains that morning and was admitted to Copley at approximately 10 a.m. She was placed under the care of West, an ob-

stetrician. At approximately 5:15 p.m., Lindsey was delivered. Lindsey was born with significant brain injuries and suffers from cerebral palsy.

Lindsey contends that her injuries were a result of the negligence of various individuals involved in her birth. In an earlier action to which Gina was also a party, Lindsey and Gina set forth a four-count complaint. Count I named Lindsey as the plaintiff and alleged three omissions by West and Jacobsen. First, it stated that the doctors failed to order a caesarian section despite evidence of fetal distress. Second, it alleged that they failed to perform a caesarian section despite evidence of fetal distress. Third, it asserted that they failed to conduct tests necessary to diagnose Lindsey's condition. Count II was also brought in Lindsey's name and identified Copley as the defendant. In this count, it was alleged that Copley, through its servants and agents, failed to promptly notify the doctors of evidence of fetal distress and failed to perform appropriate tests to diagnose Lindsey's condition. Count III and count IV repeated the allegations contained in the first two counts; however, Gina was named as the plaintiff.

Copley moved for summary judgment on the first complaint. Copley argued that plaintiff had failed to identify an expert witness that could testify as to how Copley deviated from the standard of care. The trial court granted Copley's motion on August 28, 1997.

On July 24, 2000, an amended complaint was filed. Lindsey was listed as the sole plaintiff. As defendants, the complaint identified West, Copley, and Reimer, who was a Copley employee. The complaint contained two counts. Count I was directed against West and was based on several omissions. First, it again alleged that West failed to *order* a caesarian section despite evidence of fetal distress. Second, it again asserted that West failed to *perform* a caesarian section despite evidence of fetal distress. Third, it repeated the allegation that West failed to conduct tests necessary to diagnose Lindsey's condition. Fourth, it alleged that West failed to take appropriate steps to clear Lindsey's airway "following delivery." Fifth, it maintained that West failed to have appropriate personnel present to attend to Lindsey "immediately following delivery." Finally, it stated that West was otherwise careless and negligent.

The second count of the amended complaint was directed against Copley and Reimer. This count was based on several acts or omissions occurring "upon the delivery" of plaintiff. First, it asserted that defendants failed to properly resuscitate Lindsey. Second, it alleged that defendants failed to promptly and adequately suction meconium from Lindsey's airways. Third, it maintained that defendants failed to promptly intubate Lindsey. Fourth, it alleged defendants failed to

properly monitor and support Lindsey's respiration. Fifth, it stated that defendants were otherwise careless and negligent.

Defendants moved to dismiss plaintiff's amended complaint, arguing that the current action was barred by *res judicata*. The trial court denied defendants' motion. The court observed that the first two elements necessary to invoke the doctrine—a final judgment on the merits and identity of parties—were indisputably met. However, the court concluded that the final element, identity of cause of action, was lacking. The court first acknowledged our supreme court's decision in *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290 (1998), which adopted the transactional test and rejected the same-evidence test for determining whether an identity of cause of action exists for the purpose of *res judicata*. The court then observed that the *River Park, Inc.* court found the parallels between factual allegations contained in the complaints in the two actions at issue were "a most telling indication of identity of cause of action." In the present case, the court reasoned, the allegations contained in the first complaint pertained exclusively to prenatal care and delivery of Lindsey. The second complaint, as it pertained to defendants, concerned care rendered after delivery. Thus, the trial court concluded that an identity of cause of action did not exist and denied defendants' motion.

## ANALYSIS

■ This case comes to us following the trial court's denial of a motion to dismiss made pursuant to section 2—619 of the Civil Practice Law (735 ILCS 5/2—619 (West 2000)); therefore, review is *de novo*. *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 680 (2000). In passing on a section 2—619 motion, a court may consider all pleadings, affidavits, and depositions appearing in the record. *Thompson v. Frank*, 313 Ill. App. 3d 661, 663 (2000). All pleadings and supporting documents are to be interpreted in the light most favorable to the party opposing the motion (*Henrich v. Libertyville High School*, 186 Ill. 2d 381, 386 (1998)), and all well-pleaded facts in the complaint are deemed admitted (*Powers v. Arachnid, Inc.*, 248 Ill. App. 3d 134, 138 (1993)).

■ The sole issue before us is whether the trial court correctly determined that *res judicata* is inapplicable because no identity of cause of action exists between plaintiff's prior and present claims. *Res judicata* precludes subsequent litigation between the same parties on a claim after a court renders final judgment on a matter. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490 (1993). In order to invoke this defense, the following elements must be shown: (1) that a court of competent jurisdiction rendered a final judgment on the

merits; (2) that there is an identity of the parties or their privies; and (3) that there is an identity of cause of action. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994). The party seeking to invoke the doctrine bears the burden of demonstrating that it applies. *Board of Education of Sunset Ridge School District No. 29 v. Village of Northbrook*, 295 Ill. App. 3d 909, 915 (1998). *Res judicata* bars not only those issues that were actually litigated in a prior suit; it bars those that could have been raised as well. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35 (1996).

■ Our supreme court has adopted the transactional test for determining whether causes of action are the same. *River Park, Inc.*, 184 Ill. 2d at 309-11. Under this test, claims are part of the same cause of action if they arise from the same transaction or series of connected transactions. *Altair Corp. v. Grand Premier Trust & Investment, Inc.*, 318 Ill. App. 3d 57, 61 (2000). Subsequent claims may be barred if they originate from a single group of operative facts. *River Park, Inc.*, 184 Ill. 2d at 311. This proposition applies regardless of whether the claims assert different theories of relief or are based on evidence that does not substantially overlap, as long as they arise from the same transaction. *River Park, Inc.*, 184 Ill. 2d at 311.

Prior to *River Park, Inc.*, Illinois employed both the same-evidence test and the transactional test. Under the same-evidence approach, claims were deemed part of the same cause of action if "the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions." *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 312 (1992). Noting that the continued adherence to the more stringent same-evidence test would render its adoption of the transactional test meaningless, our supreme court held that the same-evidence test no longer represented the law of Illinois. *River Park, Inc.*, 184 Ill. 2d at 310-11. The supreme court also observed that adherence to both tests caused confusion in the courts. *River Park, Inc.*, 184 Ill. 2d at 310. Indeed, some case law predating *River Park, Inc.* is confusing, and, at times, the two tests were conflated. See *Agriserve, Inc. v. Belden*, 268 Ill. App. 3d 828, 837-38 (1994) (Cook, J., specially concurring).

Despite the supreme court's rejection of the same-evidence test, the evidence necessary to prove a claim remains relevant in a limited sense. In situations where the same-evidence test would preclude an action, the transactional test likely bars the claim as well. The transactional test is a broader test for determining whether claims are part of the same cause of action. *River Park, Inc.*, 184 Ill. 2d at 310-11. Thus, the nature of the evidence necessary to prove a claim remains relevant to the extent that a claim barred by the same-evidence test

would also be barred by the transactional test. *River Park, Inc.*, 184 Ill. 2d at 311. The converse, however, is not true. Even where evidence does not overlap, a claim may be considered part of the same cause of action under the transactional test. *River Park, Inc.*, 184 Ill. 2d at 311.

In determining whether claims are part of the same cause of action, *River Park, Inc.* directs that we consider the claims in factual rather than evidentiary terms. *River Park, Inc.*, 184 Ill. 2d at 309. We must examine the facts that give rise to the plaintiff's right to relief (*River Park, Inc.*, 184 Ill. 2d at 315) and assess whether they are linked in a manner such that they are part of a single transaction. The factors relevant to ascertaining whether they are so linked include their relation in time, space, origin, and motivation, whether they form a convenient trial unit, and whether their treatment as a single unit conforms to the parties' expectations and business usage or understanding. *River Park, Inc.*, 184 Ill. 2d at 312, citing Restatement (Second) of Judgments § 24, at 196 (1982). The test is to be applied pragmatically. *River Park, Inc.*, 184 Ill. 2d at 309; Restatement (Second) of Judgments § 24, at 196 (1982).

Turning to the present appeal, it is clear that the claims asserted in the instant case and the claims asserted in the previous case arise from a single group of operative facts. First, they share a close temporal relationship. In the earlier action, plaintiff's allegations were based upon events connected with Lindsey's labor and delivery, while in the present case plaintiff alleges omissions that occurred "upon the delivery" of plaintiff. Moreover, in her allegations against West, plaintiff points to the failure to clear her airway "following delivery" and the failure to have appropriate personnel present "immediately following delivery." Labor, delivery, and immediate postpartum care are a continuous series of events. *Cf. Figueroa v. Illinois Masonic Medical Center*, 288 Ill. App. 3d 921, 925 (1997) (considering the question in the context of the relation-back doctrine). Thus, we conclude that the events alleged in both cases are sufficiently related in time to constitute a single transaction.

Similarly, the spatial relationship between the events indicates that they are part of a single transaction. Count I of the amended complaint alleges that West failed to have "appropriate personnel present to attend to the plaintiff *** immediately following delivery." An affidavit of a doctor, submitted in support of the amended complaint, also states that a neonatologist should have been present at the time of delivery. These two references to having specialists present indicate that the events following delivery occurred in the same place as those preceding delivery. Hence, the events alleged in both complaints were intimately linked in a spatial sense.

The origin of the events alleged in the two complaints provides a further link. All allegations stemmed from events occurring in the course of the birth of Lindsey and the medical treatment appurtenant to it. Motivation, to the extent applicable, also suggests a single transaction. Gina's motivation in going to Copley was to complete the birthing process. Presumably, she sought a full range of medical care, both before and after delivery.

The events that constitute the basis of this suit form a convenient trial unit. Implicitly conceding that such a relationship exists, in her amended complaint plaintiff has persisted in her allegations against West regarding West's failure to order or perform a caesarian section. As to the parties' expectations, we find little evidence. However, given the close spatial and temporal relationship between the events alleged, the link in their origin and motivation, and the fact that plaintiff alleged events occurring both before and after delivery in her amended complaint, it is difficult to conceive of how their treatment as a unit could be contrary to the parties' expectations.

The final factor we must consider is whether the treatment of the events as a unit conforms to business understanding or usage. The amended complaint posits a duty on West's part concerning events occurring both before and after delivery. These allegations suggest that the same medical professional was in charge of events occurring both before and after delivery. This in turn implies that, from the standpoint of the medical community, the events occurring before delivery are a part of the same occurrence as events occurring after delivery. Moreover, the affidavit of the doctor that plaintiff submitted in support of her amended complaint states that Lindsey exhibited stress *in utero*, which made it foreseeable that she would need supportive care at birth, including clearing meconium from her airways and providing respiratory assistance. Thus, a single medical professional provided an analysis of events occurring prior to delivery and their implications for the type of postdelivery care that should have been provided. Since one medical professional was able to make such an evaluation, it is apparent that both predelivery and postdelivery care fall within the same field of medical expertise. Again, from the standpoint of the medical community, these events are linked.

All of the factors set forth in *River Park, Inc.* (see *River Park, Inc.*, 184 Ill. 2d at 312, citing Restatement (Second) of Judgments § 24, at 196 (1982)) support the application of *res judicata* in the instant case to some degree. None of them indicate otherwise. Accordingly, we conclude that an identity of cause of action exists between plaintiff's current and previous actions.

In denying defendants' motion, the trial court observed that "[i]n

*River Park*, the court noted that the parallels between the factual allegations of the complaints in the state and federal claims were a most telling indication of identity of cause of action." While such parallels did exist in *River Park, Inc.*, we do not believe that the supreme court intended to set forth a test whereby one simply compares the particular allegations in various complaints to see if they coincide. Such a test would not differ significantly from the same-evidence test. Rather, *River Park, Inc.* contemplates an analysis of the relationship between the factual allegations in the complaints at issue, where, as noted above, considerations such as their temporal and spatial proximity are relevant. See *River Park, Inc.*, 184 Ill. 2d at 312, citing Restatement (Second) of Judgments § 24, at 196 (1982).

In arguing that her current and former complaints assert different causes of action, plaintiff relies primarily on the fact that some events alleged occurred prior to delivery and others occurred after delivery. For the reasons explained above, these two sets of events are so closely related that they form a single transaction. Relying on *Rodgers*, 149 Ill. 2d at 312, plaintiff states that, if the facts of the two complaints are different, *res judicata* does not apply. This standard is not a correct statement of the law. Again, we emphasize that the inquiry focuses on the relationship between the facts and not merely on whether they are identical. See *River Park, Inc.*, 184 Ill. 2d at 312, citing Restatement (Second) of Judgments § 24, at 196 (1982).

We also find it of no moment that plaintiff's current complaint names Reimer as a defendant while her former complaint did not. The allegations against Reimer concern conduct that we have already concluded is part of the same transaction as that alleged in the previous complaint. We note that plaintiff does not contest that Reimer was either a party or in privity with a party to plaintiff's first complaint. Plaintiff cannot avoid the effect of *res judicata* simply by explicitly naming one of Copley's employees.

Plaintiff also points out that in some circumstances *res judicata* may be relaxed where justice requires. The doctrine will not be applied where it would be fundamentally unfair to do so. *Weisman v. Schiller, Ducanto & Fleck*, 314 Ill. App. 3d 577, 581 (2000). Thus, certain exceptions to the application of the doctrine exist. *Altair Corp.*, 318 Ill. App. 3d at 62-63. The only such exception potentially relevant here is that *res judicata* does not apply if "it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." *Rein*, 172 Ill. 2d at 341, quoting Restatement (Second) of Judgments § 26(1) (1980).

Plaintiff contends that it is the policy of this state to protect the rights of disabled persons and children and that we should conse-

quently apply a relaxed standard in determining if her present action is barred. It is true that Illinois law protects the rights of disabled persons and children in various situations. See, *e.g.*, *In re Estate of Mank*, 298 Ill. App. 3d 821, 826 (1998) (enforceability of will's *in terrorem* clause against disabled adult); *Clark v. Han*, 272 Ill. App. 3d 981, 986-90 (1995) (tolling of statute of limitations in medical malpractice action brought by mentally incompetent minor); *Passmore v. Walther Memorial Hospital*, 152 Ill. App. 3d 554, 556-58 (1987) (same); *Zimmerman v. Village of Skokie*, 174 Ill. App. 3d 1001, 1007-08 (1988) (reversing dismissal of disabled plaintiff's action as discovery sanction); *Brandon v. DeBusk*, 85 Ill. App. 3d 645, 648 (1980) (same). However, defendant cites no case relying on such a rationale in refusing to apply *res judicata*, and our research has not located one. In *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255 (2002), the First District recently affirmed an award of expenses under Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)) against the estate of a disabled minor. The First District acknowledged the policy regarding protecting the rights of such litigants but noted that Rule 219(e) "provides no exception for cases where the plaintiff is the estate of a minor or disabled person." *Valdovinos*, 328 Ill. App. 3d at 272. Similarly, plaintiff points us to no relevant exception to the application of the doctrine of *res judicata*.

Furthermore, litigation, even when it involves a plaintiff who is a member of a favored class, must end at some point. A disabled person or minor, like anyone else, may lose a suit. If we were to accept plaintiff's policy argument, such plaintiffs, merely by virtue of their status, would be free to relitigate causes of action, at least so long as they were able to alter their legal theory of the particular facts upon which they rely. We cannot conclude that disabled persons and minors are immune from the rule against claim splitting. They, like anyone else, must assert all claims arising out of a single transaction in one suit.

## CONCLUSION

In light of the foregoing, we conclude that an identity of cause of action exists between plaintiff's prior and present actions. This cause is remanded to the trial court so that it may enter an appropriate order and take any further actions as necessary.

Certified question answered; cause remanded.

BOWMAN and KAPALA, JJ., concur.