NOTICE

Decision filed 09/02/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200333-U

NO. 5-20-0333

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| ERIC SNELLGROVE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 19-OP-1464 |
| | ) | |
| RAE SNELLGROVE, n/k/a Rae Redding-McElroy, | ) | Honorable |
| | ) | Ronald J. Foster, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justice Welch concurred in the judgment.
Justice Cates specially concurred.

**ORDER**

¶ 1    *Held*: Where the facts of this case do not support a conclusion that the claim was barred by *res judicata*, we reverse the judgment of the trial court finding the claim barred, and we remand for further proceedings consistent with this order.

¶ 2    This case began on September 13, 2018, in Cass County, Illinois, when the father, Eric Snellgrove, filed a petition seeking an order of protection against the mother, Rae Redding-McElroy, alleging that Rae was sexually abusing the parties' two young children. On February 8, 2019, Rae asked the Cass County circuit court to transfer venue to Madison County, where she and the children reside. The trial court granted that motion. Rae did not file a written motion to dismiss Eric's petition, but at the September 14, 2020, hearing, Rae's attorney argued that the petition should be dismissed based on *res judicata*. The Madison County circuit court granted

1

Rae's motion "for good cause shown." On appeal, Eric first argues that the trial court erred in concluding that his petition for an order of protection was barred by the doctrine of *res judicata*. Eric additionally argues that Rae's attorney engaged in improper *ex parte* communications with the trial court before the hearing on Rae's motion to dismiss. On appeal, Rae alternatively argues that the trial court's dismissal is supported by the doctrine of collateral estoppel. For the reasons stated in this order, we reverse the trial court's judgment and remand for further proceedings.

¶ 3                                               I. BACKGROUND

¶ 4     This order of protection case is factually and procedurally intertwined with the dissolution of the parties' marriage. Notably, the trial court based its *res judicata* dismissal on the October 24, 2018, custody order entered in that case. Thus, we need to briefly review the history of the dissolution case.

¶ 5     On June 18, 2014, the Mobile County circuit court in Alabama entered its judgment dissolving the marriage of Eric and Rae. Two children were born during the marriage, D.S., now 9, and J.S., now 8. Rae was granted primary custody of both children. At the time of the divorce, Rae was living in Illinois, while Eric continued to reside in Alabama.

¶ 6     Eric filed a motion to modify this Alabama order in 2016. Specifically, Eric asked the court to modify the custodial arrangement to award primary custody of the two children to him. The motion was heard on October 22, 2018, after which the parties, both represented by counsel, reached an agreement. On October 24, 2018, the trial court entered the agreed custody order denying Eric's motion to modify. In this order, Rae was awarded "custody" of the children. On November 15, 2018, Eric filed a motion asking the Alabama court to amend the October 24, 2018, order *nunc pro tunc* to specify that Rae was only granted physical custody of the children as opposed to the broader "custody" term used by the court in its order. On November 19, 2018,

2

the Alabama court granted this motion. Eric was living in Illinois when the late 2018 Alabama orders were entered.

¶ 7    Eric filed a petition for an order of protection in Cass County circuit court on September 13, 2018—five weeks before the Alabama court entered the agreed-to custody order—alleging, pertinently, that Rae had sexually abused D.S. and J.S. Attached to Eric's verified petition were three reports that were purportedly written by professionals—one pediatrician (Jennifer Adair, M.D., of Mobile, Alabama) and two psychologists (Dr. Norma Faye Pierce of Mobile, Alabama, and Dr. Michael L. Fields of Chicago, Illinois). All three reported that they had treated or interacted with the Snellgrove children. Eric also filed a motion to modify allocation of parental responsibilities in the Cass County circuit court on October 25, 2018. Rae was apparently served with process in late 2018 because in December 2018 she appeared *pro se* at a court hearing on the order of protection petition. On February 8, 2019, Rae filed her motion to dismiss pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2016)). Rae asked the Cass County circuit court to dismiss Eric's motion to modify allocation of parental responsibilities on the basis that it was barred by *res judicata* because of the October 24, 2018, Alabama custody order. Rae argued that if Eric had evidence of sexual abuse, he had ample opportunities to present that evidence during the Alabama custody proceedings. Alternatively, Rae asked the Cass County circuit court to transfer venue to Madison County, where she and the two children resided. She did not file a motion to dismiss the petition for an order of protection.

¶ 8    On February 8, 2019, the Cass County circuit court granted Rae's motion to transfer venue, with no objection from Eric. The court did not rule upon Rae's motion to dismiss Eric's motion to modify allocation of parental responsibilities.

¶ 9     By the end of July 2019, the two cases had not yet been transferred to Madison County. Eric filed a motion to reverse the transfer order on July 30, 2019, detailing information that Rae and/or her attorney had not yet paid fees to the Madison County circuit court that would have allowed the transfer to be effectuated, and that the case was listed as "rejected" in the Madison County circuit court records system. In addition, Eric alleged that Rae and her attorney were purposefully not taking steps to have the transfer effectuated to prevent the case from being heard in a court of law. Eric also alleged that Rae and her attorney misstated the status of legal custody in her motions in that Rae did not have sole custody—Eric and Rae shared joint legal custody of the children. Eric's motion to reverse the transfer order was called for hearing on September 18, 2019. Neither Rae nor her attorney appeared in person. The Cass County circuit court entered a show cause order directing Rae to explain why she should not be held in indirect civil contempt for failing to appear in court and for failing to effectuate the transfer of the case to Madison County as ordered on February 8, 2019. On November 7, 2019, the Cass County circuit court rescinded the rule to show cause, directed the Cass County circuit clerk to resend the case to Madison County, and ordered both Eric and Rae to pay the Madison County filing fees for the transfer.

¶ 10     By January 2020, the case had been transferred to Madison County. On May 29, 2020, the Madison County circuit court held a telephone conference call. Only Eric appeared on the call. Trial was set for September 2020.

¶ 11     On August 19, 2020, Eric filed a motion *in limine* asking the court to authorize expert witness trial testimony by use of some form of teleconference due to the Covid-19 pandemic. Eric asked the court to allow Dr. Norma Faye Pierce and Dr. Michael Fields to testify remotely at trial.

¶ 12    On September 1, 2020, the trial court denied Eric's request to allow his expert witnesses to testify remotely. The court stated: "Experts are to be taken by deposition or appear in court for trial."[1]

¶ 13    On September 8, 2020, Eric filed his pretrial position statement with the trial court. He indicated that he was asking the court to protect the children from possible ongoing and future sexual abuse.

¶ 14    On September 14, 2020, the trial court held its hearing on Eric's petition for an order of protection. Eric's motion to modify parenting time and responsibilities was heard at the same time. Rae had filed a motion to dismiss Eric's parenting modification motion based on *res judicata*. However, she had not filed a motion to dismiss Eric's petition for an order of protection.

¶ 15    During the hearing, Rae's attorney informed the court that she had not seen Eric's order of protection petition. The record reflects that Rae was served with process and that she made an initial appearance in Cass County circuit court *pro se*. However, she apparently did not provide her attorney with Eric's petition. The record is unclear as to whether Rae's attorney officially entered her appearance in this order of protection case. During the hearing, the court made Rae's attorney a copy of Eric's petition. After reviewing Eric's petition for an order of protection, Rae's attorney argued that the petition should also be dismissed based on *res judicata*. She claimed that the allegations of sexual abuse involved events that allegedly occurred in 2016 and 2017; that Eric had repeatedly raised these identical allegations in previous petitions for orders of

___

[1] We note that as of the date of the trial court's denial of Eric's request to allow his expert witnesses to testify remotely, Illinois Supreme Court Rule 241 (Ill. S. Ct. R. 241 (eff. May 22, 2020)) was in effect. Rule 241 authorizes the court, upon request or on its own order, and with good cause shown, to allow a case participant "to testify or otherwise participate in a civil trial or evidentiary hearing by video conferencing from a remote location." *Id.*; see Ill. S. Ct. R. 241, Committee Comments (adopted May 22, 2020) (defining a case participant to include a treatment provider and an expert witness).

protection filed in Madison County circuit court and in Alabama; and that all petitions were dismissed. Eric responded that the issue of sexual abuse was never heard in an Alabama court; that the Madison County petitions were dismissed on jurisdictional grounds; and that therefore, the sexual abuse allegations had never been heard. Eric informed the court that the Alabama attorneys were aware of the sexual abuse allegations, but that the Alabama judge was not aware of the allegations.

¶ 16    The trial court granted Rae's oral motion to dismiss Eric's petition for an order of protection. The court found that the Alabama custody order established that the allegations raised in the order of protection had already been litigated. The trial court, stated:

> "Yeah, I'm going to grant as to that, that's where *res judicata* applies. I believe that he's indicated enough that says that in October the Alabama Court had sufficient knowledge of the allegations in 2016 to render a decision that resulted in paragraph eight that said all other issues are denied. So, I believe it's already been litigated. So based upon *res judicata*, that's also denied."

Paragraph 8 of the Alabama custody order, referenced by the Madison County circuit court, stated that "[a]ny matter not otherwise specifically addressed by this order is deemed denied."

¶ 17    Eric timely filed his notice of appeal from the trial court's September 14, 2020, order.

¶ 18                                    II. ANALYSIS

¶ 19    Eric raises two issues on appeal. First, he argues that the trial court erred in dismissing his petition for an order of protection based on *res judicata*. Second, Eric contends that the trial judge and Rae's attorney improperly engaged in *ex parte* communications before ruling on the motion.

¶ 20                                    *Res Judicata*

¶ 21    On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure—here section 2-619(a)(4) (735 ILCS 5/2-619(a)(4) (West

6

2016))—the appellate court must determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." (Internal quotation marks omitted.) *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 109-10 (1999). The trial court must consider all well-pled facts in the complaint to be true. *Downey v. Wood Dale Park District*, 286 Ill. App. 3d 194, 200 (1997). We review a trial court's involuntary dismissal of a pleading on a *de novo* basis. *In re Estate of Mayfield*, 288 Ill. App. 3d 534, 542 (1997).

¶ 22    "*Res judicata* is separated into two distinct doctrines: (1) true *res judicata*, which is known as 'claim preclusion,' and (2) collateral estoppel, which is known as 'issue preclusion.' " *Hayes v. State Teacher Certification Board*, 359 Ill. App. 3d 1153, 1161 (2005) (citing *People v. Moore*, 184 Ill. App. 3d 102, 104 (1989), *rev'd on other grounds*, 138 Ill. 2d 162 (1990)). Although the doctrines are different, *res judicata* and collateral estoppel both serve the same purpose—"promoting judicial economy and preventing repetitive litigation." *Id.* (citing *Arvia v. Madigan*, 209 Ill. 2d 520, 534 (2004)).

¶ 23    For an action to be barred by *res judicata*, there are three requirements that must be met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996) (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994)). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Id.* at 334 (citing *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294 (1992); *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 446 (1989)). "*Res judicata* precludes a party from taking more

than one bite out of the same apple." *Hayes*, 359 Ill. App. 3d at 1161. Furthermore, *res judicata* serves to bar " 'all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have been offered for that purpose.' " *Id.* (quoting *Arvia*, 209 Ill. 2d at 533). Finally, we note that the party that seeks to invoke the doctrine of *res judicata* bears the burden of proof. *Id.* (citing *Cload v. West*, 328 Ill. App. 3d 946, 950 (2002)).

¶ 24   Before we discuss the doctrine of *res judicata* as applied to the specific facts of this case, we must first briefly analyze how the trial court reached its conclusion. Here, the court found that the Alabama family court addressed or should have addressed the child sexual abuse claims within the October 24, 2018, order. Although Eric apparently filed petitions for orders of protection in Madison County that he claims were dismissed on jurisdictional grounds,[2] those orders were not used by the court as its foundation that there was a final judgment on the merits by a court of competent jurisdiction. Instead, the Madison County circuit court stated on the record that the basis for its application of *res judicata* was a catchall provision in the 2018 Alabama custody order. The court implicitly found that because Eric and Rae, and their Alabama attorneys, were aware of Eric's allegations of sexual abuse, the Alabama judge must have been aware of the sexual abuse allegations. Based on this factual assumption, the trial court's analysis progressed to its conclusion that *res judicata* barred this order of protection.

¶ 25   Next, we must review the record presented on appeal in view of the Madison County circuit court's conclusion that the Alabama court's custody order barred Eric from proceeding with his Illinois petition for an order of protection. Although the common law record in this order of protection case includes no Alabama pleadings, the Madison County circuit court took judicial notice of three certified documents from the Alabama proceedings—the April 1, 2016,

---

[2]The record on appeal does not include the Madison County petitions for orders of protection filed by Eric. The record also does not include the court's orders that dismissed the petitions.

8

petition for primary custody filed by Eric, the October 24, 2018, agreed-to custody order, and the November 19, 2018, order granting Eric's motion to amend *nunc pro tunc*. These three documents were filed with this court as a supplement to the record on appeal. There are no references to or allegations of sexual abuse in these Alabama pleadings. The record on appeal includes no other Alabama pleadings. The record on appeal includes no hearing transcripts. Without a full certified record of the Alabama court proceedings, including hearing transcripts, this court has no ability to verify that the sexual abuse allegations were presented to and/or considered by the Alabama court.

¶ 26    During the Madison County motion hearing, Eric stated that the Alabama court advised him that all further proceedings regarding the children had to be brought in Illinois. This statement by the Alabama judge could have bearing on the Alabama court's continuing, exclusive jurisdiction, discussed in more detail later in this order. However, without the hearing transcript, we are unable to verify this exchange between Eric and the judge. We find that the gaps in the record on appeal would be of great importance to a clearer understanding of the underlying facts that informed the Madison County circuit court's conclusion that the doctrine of *res judicata* barred Eric's petition for an order of protection.

¶ 27    Having reviewed the foundation for the trial court's *res judicata* conclusion, and the deficiencies in the Alabama pleadings included in the record on appeal, we turn to the facts of this case to determine if the three *res judicata* elements were established by Rae, who had the burden of proof on this issue. *Hayes*, 359 Ill. App. 3d at 1161 (citing *Cload*, 328 Ill. App. 3d at 950).

¶ 28    We address the first element for application of the *res judicata* doctrine—identity of the parties. Eric and Rae were both parties in the Alabama custody case and in this Madison County

petition for an order of protection. Therefore, we conclude that there was an identity of the parties.

¶ 29    We next address the finality of the judgment in Alabama. In 2016, when Eric filed his motion to modify in Alabama, Rae resided with the children in Illinois and Eric lived in Alabama. At some point after he filed the motion to modify in 2016, Eric moved to Illinois, where he resided on October 24, 2018, the date that the Alabama trial court entered its judgment denying his motion to modify. Based upon the limited facts contained in this record on appeal, it is plausible that the state of Alabama did not have continuing exclusive jurisdiction over the Snellgrove child custody issues. See Ala. Code § 30-3B-202 (1975) (stating that when an Alabama court makes an initial child custody determination, it has continuing, exclusive jurisdiction over the determination until an Alabama court determines that the children and the parents no longer reside in Alabama). The October 24, 2018, Alabama judgment was apparently something that the parties had agreed to, and there is nothing in the record on appeal that indicates that the Alabama court was aware that none of the parties were living in Alabama at the time that the court entered the order. However, in response to questioning by the Madison County judge, Eric alleged that the Alabama judge told the parties that any further proceedings had to be in Illinois for jurisdictional purposes. The issue of Alabama's continuing jurisdiction is critical to a determination of whether Rae established the final judgment element of her *res judicata* claim. Moreover, we note that "divorce decrees of sister States, and their related child custody determinations, will be given full faith and credit if based upon proper jurisdictional ground." *Faris v. Faris*, 35 Ill. 2d 305, 307 (1966). Because the Alabama court may have lost its continuing jurisdiction over the parties and the custody issues, we find that there is at least an issue about the validity and thus, the finality of, the Alabama judgment.

10

¶ 30    We finally address the issue of the identity of the causes of action. We find, based again on the limited record in this case, that the Alabama custody case did not directly involve the sexual abuse concerns raised in the petition for an order of protection. In response to questions, Eric informed the Madison County circuit court that the Alabama judge had not seen or heard any evidence of the allegations of sexual abuse of the minor children. Rae did not challenge Eric's statement during the hearing. Thus, Rae did not provide the court with a factual basis to support its conclusion that the Alabama court considered the sexual abuse allegations in its October 24, 2018, order. Accordingly, although the motions in Alabama and Illinois both involved the Snellgrove children, the specific content and the relief sought is not identical.

¶ 31    We acknowledge that the Alabama order contained a generic catchall provision denying other matters not specifically included in the order. As stated earlier in this order, however, the record on appeal contains nothing to establish that the Alabama judge was aware of the sexual abuse allegations. Thus, we do not believe Eric's allegations are included in the phrase, "matter not otherwise specifically addressed by this order." Moreover, we believe it is highly unlikely that the Alabama court or any other court of law would dismissively handle sexual abuse allegations without an assessment of the validity or invalidity of the allegations given the seriousness and potential harm to the Snellgrove children.

¶ 32    We are reminded that Rae bore the burden of proof, as she is the party seeking application of the doctrine of *res judicata*. *Hayes*, 359 Ill. App. 3d at 1161 (citing *Cload*, 328 Ill. App. 3d at 950). We find that Rae did not meet her burden of proof on two of the three *res judicata* elements. *Id.* The burden was on Rae, who could have supported her claim of *res judicata* with a more complete record, including pleadings and transcripts, that could have

11

provided the facts necessary to support the trial court's dismissal of Eric's petition for an order of protection.

¶ 33    Further, even if *res judicata* was applicable because Eric could have brought the issue to the Alabama court's attention, the general rule in Illinois is that "[r]es judicata will not be applied where it would be fundamentally unfair to do so." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). More specifically, "[r]es judicata should not be strictly applied to bar evidence when the most important consideration is the welfare of the child." *In re J'America B.*, 346 Ill. App. 3d 1034, 1042 (2004) (citing *In re Marriage of Weaver*, 228 Ill. App. 3d 609, 616 (1992)). We believe that application of *res judicata* in this case would be fundamentally unfair because the safety and welfare of the Snellgrove children is potentially at stake. In addition to fundamental unfairness, we note that statutory order of protection remedies specifically include the best interest of the minor child as a factor warranting certain remedies:

> "In order to protect the minor child from abuse *** from the person who has been the minor child's primary caretaker, or to otherwise protect the well-being of the minor child, the court may do either or both of the following: (i) grant petitioner physical care or possession of the minor child, or both, or (ii) order respondent to return a minor child to, or not remove a minor child from, the physical care of a parent or person in loco parentis.
>
> If a court finds, after a hearing, that respondent has committed abuse *** of a minor child, there shall be a rebuttable presumption that awarding physical care to respondent would not be in the minor child's best interest.
> ***
> If a court finds, after a hearing, that respondent has committed abuse ***, there shall be a rebuttable presumption that awarding temporary significant decision-making responsibility to respondent would not be in the child's best interest." 750 ILCS 60/214(5), (6) (West 2016).

¶ 34    Accordingly, we find that the Madison County circuit court's conclusion, that the catchall provision in the Alabama custody order served to bar any claims of sexual abuse allegations, is not sufficient, given the underlying record, to support the *res judicata* element that there was an identity of causes of action. Given the nature of the allegations made by Eric, coupled with the

apparent support of the child's former pediatrician,[3] we reverse the trial court's dismissal of Eric's petition and remand for further proceedings. Regardless of whether Eric continues to pursue relief based upon these allegations, we note that Illinois circuit courts "have an inherent plenary power to appoint guardians of minors independent of any authority given to the courts by the legislature." *In re M.M.*, 156 Ill. 2d 53, 63 (1993) (citing *People ex rel. Ryan v. Sempek*, 12 Ill. 2d 581, 584 (1958)); see also *In re S.G.*, 175 Ill. 2d 471, 488 (1997) (stating that the doctrine of *parens patriae* refers to the "duty of the government to care for infants" which charged English courts of chancery "to act on the behalf of those unable to care for themselves" (citing *County of McLean v. Humphreys*, 104 Ill. 378, 383 (1882))).

¶ 35    This case has been dominated by Eric's indeterminate allegations against Rae that were apparently not brought to the attention of the Alabama court, even though Eric claims that all attorneys in Alabama were aware of the allegations. The Madison County circuit court found these "facts" to be understandably confounding. Despite the confusion stemming from the Alabama custody order, the safety and welfare of the children is of the utmost importance.

¶ 36                                    Collateral Estoppel

¶ 37    On appeal, Rae raises the issue of collateral estoppel for the first time. Issues not raised by a party in the trial court are deemed waived and are not allowed to be raised for the first time on appeal. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). "[A]llowing the defendant to change his theory of defense on appeal would 'not only weaken the adversarial process and our system of appellate jurisdiction' [citation], but would likely prejudice the plaintiff, since he may have been able to present evidence to discredit the theory had it been raised in the evidence

---

[3]Attached to Eric's verified petition for an order of protection is a copy of what appears to be a written confirmation of suspected child abuse on an Illinois Department of Children and Family Services form. The report was prepared signed by Jennifer Adair, M.D., an Alabama pediatrician who examined and treated the child in question and who, according to the report, suspected that Rae was sexually abusing the child. The report is dated August 2, 2017. The document is not certified.

presentation stage, that is to say, in the trial court." *Id.* (quoting *Daniels v. Anderson*, 162 Ill. 2d 47, 59 (1994)). Accordingly, we will not consider Rae's new defense to Eric's petition for an order of protection.

¶ 38                                  *Ex Parte* Communications

¶ 39    As we have reversed and remanded the trial court's judgment on issue one, we decline to address the merits of this second issue.

¶ 40                                  III. CONCLUSION

¶ 41    For the reasons stated in this order, we reverse the judgment of the Madison County circuit court and remand with directions.

¶ 42    Reversed and remanded with directions.

¶ 43    JUSTICE CATES, specially concurring:

¶ 44    I concur in the outcome of this order. I write specially, however, because, in my view, there are two issues where the comments of the majority have exceeded the scope of what is necessary for remand.

¶ 45    First, as to whether the Alabama court had continuing jurisdiction, the discussion by the majority is, in my view, unnecessary, as there is insufficient information in the record to determine whether Alabama had continuing jurisdiction over the parties. What is significant in this case is that the Illinois circuit court had jurisdiction over the matters before it. There was no dispute on that issue. Likewise, the parties are properly before this court. Thus, in my view, there is no reason for a finding of what may, or may not, have been before the Alabama court and whether it had continuing jurisdiction.

14

¶ 46    Second, and of greater concern, are the allegations made by Eric related to the sexual abuse of the children. I agree that if such allegations were seriously pursued, no court would have dismissively treated such claims. Therefore, upon remand, if Eric continues to press such allegations, the trial court should act quickly to schedule a hearing on this matter. In my view, however, it is the trial court, and not this court, that should weigh the evidence offered by the medical experts; and this court should not be so presumptuous as to indicate any support for medical experts about which this court knows very little. Both parties should have the fair opportunity to present their evidence before a neutral trier of fact regarding these serious charges.

¶ 47    Finally, I see no reason for this court to enter into the fray between the parties and suggest that the trial court has the inherent authority to appoint a guardian for the children. Such a comment by the majority, in my view, is a serious overreaching of our responsibilities as a court of review.

¶ 48    Apart from the foregoing clarifications, I concur in the order and agree that the judgment of the Madison County circuit court should be reversed and the matter remanded for continued hearings pursuant to this court's order.